UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELVIN LEE,

                    Petitioner,

            v.

MICHAEL CULLY, Superintendent,

                    Respondent.

DECISION & ORDER

09-CV-6502P

---

Petitioner in the above-captioned case has applied to this Court for the appointment of counsel to assist him in pursuing his habeas corpus petition which alleges, *inter alia,* that he was denied his constitutional right under the Sixth Amendment to a fair trial. (Docket # 11). Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears*, *Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion.  *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The Court has reviewed the facts presented herein in light of the factors required by law and I find that the appointment of counsel is not necessary at this time.  There has been no showing that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.  In addition, petitioner has not provided the Court with any information that indicates that the interests of justice require the appointment of counsel at this time.

Based upon this review, petitioner's motion for appointment of counsel **(Docket # 11)** is **DENIED** without prejudice at this time.  It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se.*  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July   26   , 2010