UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELVIN LEE,

               Petitioner,              **DECISION AND ORDER**
   -vs-                                        **No. 09-CV-6502(VEB)**

MICHAEL CULLY,

               Respondent.
_____

## I. Introduction

On May 10, 2011, this Court denied the petition for a writ of habeas corpus filed by *pro se* petitioner Melvin Lee ("Lee" or "Petitioner") and denied a certificate of appealability. *See* Docket No. 16. Judgment was entered dismissing the petition on May 11, 2011. On June 9, 2011, Lee filed a pleading titled "Motion for Reconsideration Fed. R. Civ. P. 60(b) 1, 2 (c) and Federal Rules of Appellate Procedur [sic] Rule 10B(2)." (Docket No. 20). Lee appears to argue that the Court erroneously denied his ineffective assistance of trial counsel claim. The Court reads his pleadings to stated that trial counsel did not adequately investigate the case and erroneously failed to call witnesses–in particular, one Bishop Edward U. Kmiec who purportedly would have served as a character witness, and a "number" of other unnamed witnesses.

## II. Discussion

Lee's motion was titled a motion for reconsideration. "'The Federal Rules do not expressly provide for reconsideration[.]'" *VanGorder v. Allerd*, 2008 WL 822018, at *1 (W.D.N.Y. Mar. 26, 2008) (quoting *Young v. Poff*, No. 04CV320, 2006 WL 1455482, at *2 (W.D.N.Y. May 22, 2006) (Scott, M.J.) (citing *Sierra Club v. Tri-State Generation & Transmission Ass'*, 173 F.R.D. 275 (D.

Colo.1997)). However, Rule 59(e) can encompass motions for reconsideration, treating them as motions to alter or amend the judgment. *Id.* (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 122 (Civil 2d ed.1995)). A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Furthermore, Rule 59(e) contains a strict time-line: motions must be filed no later than 10 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e); *Lichtenberg v. Besicorp Group, Inc.,* 204 F.3d 397, 401 (2d Cir. 2000) (holding that ten-day time limit for motions for reconsideration is "uncompromisable" and cannot be extended). Here, Lee's "Motion for Reconsideration" cannot be treated as such because it was filed past the 10-day time limit. *See VanGorder*, 2008 WL 822018, at *1.

However, Lee does cite Fed. R. Civ. P. 60(b), and therefore the Court will treat the motion as requesting relief from a final judgment under that rule. Under Rule 60(b), a court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .;
> (3) fraud . . ., misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1-6). Importantly, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted).

Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Harris v. United States*, 367 F.3d 74, 77 (2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.' ").

The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris,* 367 F.3d at 77; *accord Gitten v. United States*, 311 F.3d 529, 532 n. 4 (2d Cir.2002).

Here, Lee invokes subsections (1) and (2) of Rule 60(b)–"mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ." Essentially, Lee is arguing that the Court made a "mistake" in its application of the law to his allegations of ineffective assistance of counsel. However, I do not believe that the errors alleged by Lee constitute "mistake" within the meaning of Rule 60(b)(1), which " 'affords a party relief from a material mistake that changed the outcome of the court's judgment.'" *In re Bulk Oil (USA), Inc.*, No. 89-B-13380, 93 Civ. 4492(PKL), 93 Civ. 4494(PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y.1999) and citing *Fetik v. New York Law School*, 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (declining to provide relief under Rule 60(b)(1) where movant did not show "any material issue of fact or law overlooked by the Court")). Rule 60(b)(1)

is not to be invoked to "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Id.* (quoting *Matura*, 189 F.R.D. at 90). Here, Lee is asking the Court to "reconsider issues already examined simply because [he] is dissatisfied with the outcome of his case," *Matura*, 189 F.R.D. at 90, which courts have rejected as a basis for granting Rule 60(b)(1) relief, finding that "[t]o do otherwise would be a waste of judicial resources," *id.*; *accord In re Bulk Oil (USA), Inc.*, 2007 WL 1121739, at *10; *Lugo v. Artus*, No. 05 Civ.1998(SAS), 2008 WL 312298, *2 (S.D.N.Y. Jan. 11, 2008)).

Moreover, a review of pleading makes clear that Lee's 'motion is based on the broad assertion that this Court made erroneous legal rulings, but he has not attempted to explain how or why the alleged "mistakes" were attributable to "exceptional circumstances," *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir.1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested."). Lee's "[m]ere disagreement" with this Court's resolution of the legal and factual issues presented by his habeas petition does not amount to an "exceptional circumstance" for which Rule 60(b)(1) relief is warranted. *Williams v. Artus*, No. 06-CV-0356(VEB), 2008 WL 4516241, at *2 (W.D.N.Y. Oct. 2, 2008); *A.P. v. McGrew*, 1998 WL 808879, at *4 (dismissing Rule 60(b)(1) motion for relief from summary judgment order where plaintiff "simply claim[ed] that [the court] erroneously applied the law"; the "[m]ere disagreement with [the court's] approach to and application of the summary judgment standard of review and the evidence [it] relied upon is not an exceptional circumstance warranting relief under Rule 60(b)(1)").

Turning to Lee's allegations under Rule 60(b)(2), "newly discovered evidence", he appears to be asserting that he has proof that trial counsel failed to interview witnesses or in some other way

conducted a deficient investigation. Lee cites several exhibits, but there are no documents attached to his Motion for Reconsideration. The Court notes that in his original petition, Lee submitted fictional narratives from unidentified, "John Doe", witnesses whom trial counsel–allegedly in error–did not call. Lee suggested that these "John Doe" witnesses would have provided similar testimony to his self-created narratives. The Court dismissed the claim because it was based upon complete speculation and unsupported by any non-fictional statements by the witnesses, and therefore patently without merit. The present claim of allegedly new evidence must face the same fate. Habeas petitioners cannot succeed based on a "self-serving and conclusory allegation that defense counsel failed to present witnesses," where "petitioner gives no indication as to which witnesses counsel should have presented" or "how these unidentified individuals would have changed the result of the proceeding." *Sturdivant v. Barkley*, No. 04-CV-5659, 2007 WL 2126093, at *7, 2007 U.S. Dist. LEXIS 53582, at *19-*20 (E.D.N.Y. July 24, 2007) (citing *Rosenberger v. United States*, 133 Fed. Appx. 799, 801 (2d Cir.2005); *Torres v. Stinson*, No. 97 Civ. 5310, 2000 WL 1919916, at *5 (E.D.N.Y. Dec.29, 2000) ("A barebones assertion by a defendant that his counsel failed to inform him of his rights is insufficient to establish an ineffective assistance of counsel claim under *Strickland*" ); *Madarikan v. United States,* No. 95 Civ.2052, 1997 WL 597085, at *1 (E.D.N.Y. Sept.24, 1997) (denying ineffective assistance claim based on failure to investigate or interview witnesses; petitioner's "allegations of ineffective assistance are conclusory, and give no indication as to what exculpatory evidence may have been revealed by an investigation.").

Finally, Lee asserts that trial counsel should have call one Bishop Edward U. Kmiec as a character witness who purportedly would have testified that Lee "no longer had to ask for money

from people on the street."[1] Lee states that because the prosecution made the trial into a "credibility contest", Bishop Kmiec's testimony was material and relevant.

Assuming that Bishop Kmiec would have testified as suggested by Lee, there is no basis for finding that the outcome of the trial was affected in any way by his absence. It is well established as a matter of both state and federal law that "in a criminal prosecution, the accused may introduce evidence as to his own good character to show that it is unlikely that he committed the particular offense charged[.]" *People v. Aharonowicz*, 71 N.Y.2d 678, 681, 529 N.Y.S.2d 736, 525 N.E.2d 458 (N.Y.1988) (citations omitted). "It is equally well settled that such evidence is not 'in and of itself' or 'standing alone' sufficient to constitute a reasonable doubt as to guilt[.]" *Id.* at 682 (citations omitted). Stated another way, "the jury may not ignore the People's evidence tending to establish guilt and, having considered only defendant's evidence of good character, render an acquittal based solely thereon," but "[r]ather . . . must consider character evidence in light of all of the evidence in the case." *Id.* Here, the evidence of Lee's complicity was simply overwhelming. There is no reasonable possibility that the jury would have returned a more favorable verdict had they heard Bishop Umiec testify that Lee "no longer have to ask for money for money [sic] from people on the street." Thus, Lee cannot demonstrate that he was prejudiced by counsel's omission in this regard, and his ineffective assistance claim must fail.

### III. Conclusion

Melvin Lee's Motion for Reconsideration (Docket No. 20) is DENIED in its entirety with prejudice. Because Lee has failed to make a substantial showing of the denial of a constitutional

---

[1] The crime of conviction involved Lee getting into a young man's pick-up truck, pulling a knife on him, ordering him to drive around the city, and then demanding money from him.

right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2); *Kellogg v. Strack*, 269 F.3d 100, 102 (2d Cir.2001) (holding that 28 U.S.C. § 2253 applied to an order denying petitioner's Rule 60(b) motion in a habeas proceeding). Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Decision and Order would not be taken in good faith.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   October 24, 2011
         Rochester, New York